UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**WALTER G. PECKHAM and**
**COURTNEY E. PECKHAM,**                      Chapter 7
    Debtors                                    Case No. 08-14319-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~

**RAYMOND LIDDELL,**
    Plaintiff
v.                                             Adv. P. No. 08-1246
**WALTER G. PECKHAM,**
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

The matter before the Court is Plaintiff's Motion to Alter or Amend Judgment through which Raymond Liddell ("Liddell") asserts that this Court erred in failing "to find that the non-dischargeable obligation established by Liddell in this case was $6,000.00 (plus the attorney's fees and costs and interest awarded by the Cambridge District Court or attributable to the relevant portion of the judgment therein), rather than the $2,000.00 determined by the Court." For the reasons set forth below, as well as for the reasons set forth in the Walter G. Peckham's Opposition, the Court denies the Plaintiff's Motion.

The Court incorporates its Memorandum dated September 13, 2010 in which it

1

addressed Liddell's argument that "[w]hile the money actually obtained through Peckham's deceit was $2,000.00, *the debt arising therefrom* is something else." This Court stated:

> He [Liddell] seeks $6,000 ($2,000 trebled), plus attorney's fees and costs because the Cambridge District Court trebled the damages and awarded attorney's fees in entering its $27,988 judgment on March 9, 2007. The Court rejects this argument for two reasons. In the first place, Liddell did not set forth a claim for fraud under Massachusetts law in the district court action, and Cohen v. de la Cruz, 523 U.S. 213 (1998), is distinguishable.

The Court finds that Liddell essentially wants to side step the rules respecting application of collateral estoppel or issue preclusion by focusing on the default judgment he obtained from the Cambridge District Court. Liddell, however, did not sue Walter G. Peckham ("Peckham") for false pretenses, false representations or actual fraud in the Cambridge District Court; he sued Peckham for "Breach of Contract/Rescission/Equitable Replevin;" "Conversion;" "Conversion/Loss of Use;" and "[Violation of] Massachusetts Consumer Protection Act." Liddell, in his state court complaint which was submitted into evidence, neither specifically referenced the $2,000 payment Peckham obtained on August 30, 2005 nor set forth the specific elements of a misrepresentation claim, *see* McCrory v. Spigel (In re Spigel), 260 F.3d 27, 32 (1st Cir. 2001), that would permit this Court to find that he pled misrepresentation with respect to the $2,000 payment made to Peckham on August 30, 2005. Moreover, the Request for Default Judgment, which formed the basis for the judgment that entered against Peckham, set forth the following:

A. Damages/Principal amount claimed in Complaint
Payment on contract                                              $4,450.00

| | | |
|---|---|---|
| Loss of piano (condition at time of delivery) | | $3,700.00 |
| (See Plaintiff's Affidavit attached as Exhibit 1) | | $8,150.00 |
| | | |
| B. Treble damage claim: | $8,150.00x 3 = | $24,450.00 |

C. Interest claimed from October 18, 2006 on $8,150.00,
@12% through February 28, 2007,
($81.50/mo., $2.72/per diem)                                    $350.20

D. Attorney fees (pursuant to Mass. G. L. c. 93A, § 9)
(See Counsel's Affidavit attached as Exhibit 2)                 $2,200.00

E. Costs                                                        $297.50

F. I further make affidavit that

1. The total amount requested by plaintiff, assuming
the award of treble damages, and inclusive
attorneys [sic] fees and cost, is                               $27,297.70

Accordingly, a determination that Liddell is entitled to a $6,000 judgment plus attorney's fees, costs and interests under § 523(a)(2)(A) is not "a judgment entered by the Cambridge District Court" but an unmeritorious attempt by Liddell to increase the amount of debt this Court has found to be nondischargeable.

Liddell cites <u>In re Brennan</u>, 275 B.R. 172 (Bankr. D. Mass. 2002), a case involving a Chapter 11 debtor's objection to a claim. The court in <u>Brennan</u> stated:

> It is well settled that "Title 28 U.S.C. § 1738 generally requires federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." <u>U.S. v. One Parcel of Real Property</u>, 900 F.2d 470, 473 (1st Cir.1990) (internal quotations omitted) (quoting Haring v. Prosise, 462 U.S. 306, 313, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983)); <u>In re Leroux</u>, 216 B.R. 459 (Bankr. D. Mass. 1997); <u>Friedman v. I.R.S. (In re Friedman)</u>, 200 B.R. 1, 4 (Bankr. D. Mass.1996). Accordingly, this Court must give effect to the Massachusetts judgment against the Debtor if a

> Massachusetts court would do the same. *See* In re Leroux, at 467 (Bankr. D. Mass. 1997) (the bankruptcy court "must give . . . New Jersey [default] judgments the same preclusive effect . . . that New Jersey would provide," citing to Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)).

275 B.R. at 174. The court in Brennan further stated:

> Under Massachusetts law, the term "res judicata" is commonly used to refer to two similar, but separate and distinct theories: claim preclusion and issue preclusion. Claim and issue preclusion are the successors to the doctrines formerly known as "merger" or "bar" and "collateral estoppel," respectively. *See* Heacock v. Heacock, 402 Mass. 21, 23, 520 N.E.2d 151, 152 (1988). Both of these doctrines operate to facilitate judicial economy, and to promote confidence in the conclusiveness of judgments. *See* Bagley v. Moxley, 407 Mass. 633, 636, 555 N.E.2d 229, 231 (1990); Treglia v. MacDonald, 430 Mass. 237, 240, 717 N.E.2d at 251, 252 (1999).
>
> The claim preclusion doctrine "makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation on all matters that were or *should have been* adjudicated in the action." Heacock, at 23, 520 N.E.2d at 152-3 (emphasis added); *see also* Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386, 391, 631 N.E.2d 1021, 1024 (1994), rev. denied, 418 Mass. 1104, 638 N.E.2d 913 (1994). Claim preclusion applies when each party "has had the incentive and opportunity to litigate the matter fully in the first lawsuit." Heacock at 23-4, 520 N.E.2d at 153 (quoting Foster v. Evans, 384 Mass. 687, 696 n. 10, 429 N.E.2d 995 (1981)). Three elements must be present: "(1) identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) a prior final judgment on the merits." Gloucester Marine at 390, 631 N.E.2d at 1024 (citing Franklin v. N. Weymouth Coop. Bank, 283 Mass. 275, 280, 186 N.E. 641 (1933)); *see also*, TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 48 Mass.App.Ct. 1, 5, 716 N.E.2d 1044, 1049 (1999).

275 B.R. at 174-75 (emphasis in original). Claim preclusion or res judicata is inapplicable in this adversary proceeding because of the absence of the second element required under Massachusetts law, namely the identity of the cause of action. *See* Gloucester Marine, 36 Mass. App. Ct. at 390. In the state court actions, Liddell did not claim that the Debtor

4

obtained $2,000 from him on August 30, 2005 by means of a false representation, made with intent to deceive and to induce the creditor to rely upon the false statement, and the Cambridge District Court in its judgment did not award triple damages based upon that amount. Section 523(a)(2)(A) excepts a debt for money obtained by false pretenses, false representations or actual fraud. Debt "means liability on a claim, which, in turn, means a "right to payment, whether or not such right is reduced to judgment . . . ." *See* 11 U.S.C. § 101(5), (12). Liddell did not assert a claim for fraud and thus did not establish a debt in the sum of $2,000 before Peckham commenced his bankruptcy case and Liddell prevailed at trial on his cause of action under 11 U.S.C. § 523(a)(2)(A). Liddell's claim against Peckham based upon the default judgment is dischargeable.

The Court rejects Liddell's arguments. Liddell did not assert a claim for misrepresentation against Peckham in the Cambridge District Court, and he did not set forth a claim for $2,000 in his Request for Default Judgment. Additionally, the decision of Treglia v. MacDonald, 430 Mass. 237 (1999), a decision issued in response to a question certified to it by the United States Bankruptcy Appellate Panel for the First Circuit, is controlling. According to the court in Brennan,

> In Treglia, the plaintiffs in a suit claiming breach of contract and fraud, obtained a default judgment against the debtor/defendant in the Massachusetts Superior Court. When the defendant petitioned for bankruptcy relief, the plaintiffs, now claimants in ensuing dischargeability proceedings, sought to apply the doctrine of issue preclusion to avoid relitigating their allegations of the debtor's fraud. However, the Supreme Judicial Court held that issue preclusion was unavailable because the prior judgment was based on the defendant's default, and as such the fraud issue had not been "actually litigated" in the prior action. Id. at 241-2, 717 N.E.2d

249 (citing Martin v. Ring, 401 Mass. 59, 514 N.E.2d 663 (1987)) ("preclusive effect should not be given to issues or claims that were not actually litigated in a prior action.").

275 B.R. at 175. *See also* Backlund v. Stanley-Snow (In re Stanley-Snow), 405 B.R. 11 (B.A.P. 1st Cir. 2009); McHeffey v. Pereira, 428 B.R. 276, 281-82 (Bankr. D. Mass. 2010).

Principles of res judicata do not establish the amount of the debt in this case, and Liddell failed to establish that issue preclusion applied.

In view of the foregoing, the Court shall enter an order denying the Plaintiff's Motion to Alter or Amend Judgment.

By the Court,

*[signature: Joan N. Feeney]*

Joan N. Feeney
United States Bankruptcy Judge

Dated: November 1, 2010
cc: Harvey S. Shapiro, Esq., Mark L. Nestor, Esq.